No. 48

WELLENDORF, et al. v. MUSSUTO, et al.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Oct. 2, 1924

329. COVENANTS—1. Covenantor must be party to eviction proceedings or proceedings to declare easement to become res adjudicata as against him.

2. Finding of easement by court held not binding upon covenantor in subsequent hearing.

ROBERTS, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Action for breach of covenant was brought by Mussuto. The land in question, located in Youngstown, was conveyed to Mussuto by warranty deed. This warranty deed contained the ordinary covenants. After this covenance was made, an action was brought by one Blummetti against the plaintiffs to subject the premises to a servitude by way of an easement. The Wellendorfs were vaguely told that an action was pending, but they were not made a party to the actual action. A decree finding that an easement existed was rendered by the court of appeals. During the trial of the action for breach of covenant against the Wellendorfs they offered evidence to prove that no such right existed. This was excluded upon the theory that the former decision of the court of appeals was res adjudicata. As a judgment was rendered against the Welllendorfs, error was prosecuted to the court of appeals. In reversing the judgment, it was held:

1. In order that eviction proceedings or proceedings to fix an easement against the covenantee shall be conclusive on the covenantor when the latter is sued for breach of his covenant or warranty, the covenantor must not only have had distinct and unequivocal notice of the suit, but must have been requested to appear and defend it.

2. As the evidence disclosed that the covenantor was notified and required to defend, the finding of an easement was not binding upon him. Therefore, it was error for the court to exclude evidence offered by the covenantor to show that there were no encumbrances against the premises.

Attorneys—Perry Robinson and Henry C. Church, for Wellendorf, et al; W. S. Metcalfe and B. K. DeCamp, for Mussuto, et al; all of Youngstown.